IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROSENFIELD, | : | CIVIL ACTION |
| | : | NO. 17-2054 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FOREST CITY ENTERPRISES, L.P., | : | |
| et al., | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              March 28, 2018

Under the removal statute, 28 U.S.C. § 1446(b), a defendant has thirty days after being served with a complaint to remove a case to federal court. However, where, as here, it is not apparent from the face of the complaint that a case is removable, a defendant may remove within thirty days of receipt of an amended complaint, motion, order, or "other paper" from which it may first be ascertained that the case is removable.

In this case, Defendants' counsel first learned in pre-suit written communications with Plaintiff's counsel that the amount in controversy exceeded $75,000, and that therefore the case was removable. However, the amount in controversy was not apparent from the face of the barebones Complaint,

subsequently filed and served. Sometime thereafter, Plaintiff submitted a case management conference memorandum (required by local procedure in state court) demanding $350,000. Thirty days after the case management memorandum was filed (but forty-nine days after the filing and service of the Complaint), Defendants removed the case to federal court. In response, Plaintiff filed the instant motion to remand the case back to state court.

Plaintiff's position is that the aforementioned pre-suit written communications made it apparent that the amount in controversy exceeded $75,000, and thereby constitute "other paper" under the removal statute. Given that, in Plaintiff's view, the Defendants already knew that the amount in controversy exceeded $75,000, the thirty-day removal period began when the Complaint was filed and served, thereby rendering removal untimely because removal was more than thirty days after the filing and service of the Complaint.

Defendants contend that it was not apparent that the amount in controversy exceeded $75,000 until Plaintiff filed the case management conference memorandum, making removal - thirty days thereafter - timely.[1]

---

[1] The Court disagrees with Defendants' contention in that it is clear that Defendants learned that the amount in controversy exceeded $75,000 from the pre-suit emails described previously. However, because (as explained below) those communications were made prior to the filing of this law suit, Defendants' pre-suit knowledge is irrelevant to when the thirty-day removal period began.

2

The issue in this case is whether the written pre-suit communications between counsel qualify as "other paper" under the removal statute. If so, then Defendants' thirty-day window to remove would have started on the date that the Complaint was filed and served. If not, then the time for removal would run from the filing of the case management conference memorandum.

For the reasons that follow, the Court finds that, under § 1446(b), the written pre-suit communications do not qualify as "other paper," and therefore Defendants' removal within thirty days of the filing of the case management conference memorandum was timely.

## I. PROCEDURAL HISTORY

Plaintiff Bruce Rosenfield broke his patella (knee cap) when he slipped and fell on ice outside of his apartment at 1835 Arch Street in Philadelphia – which is owned by Defendants. The injury required surgery and extensive rehabilitation. See ECF Nos. 1, 3, 5.

### A. Demand Letter

Prior to filing suit, Plaintiff's counsel sent a demand letter to Defendants via email on December 30, 2016. See Pl. Mot. Ex. A, ECF No. 3. The letter described the accident, injury, surgery, hospital care, and rehabilitation that

Plaintiff underwent. Id. at Ex. A. These descriptions were set forth in great detail, spanning over half of the letter's approximately six total pages. See id. The letter explained that Plaintiff was required to pay for certain medical expenses out of pocket, and had incurred significant travel expenses associated with his wife coming to care for him from her home in New York. Id. It also noted that his injury was in some respects permanent, and that he had already missed a significant amount of work due to the injury and rehabilitation. Id.

Expounding how valuable Plaintiff's missed work time was, the letter also included some of Plaintiff' professional qualifications. Id. For instance, the letter explained that Plaintiff was a partner at Schnader Harrison Segal & Lewis, where he had practiced law since 1978. Id. Also, he was the long-time chair of the firm's Trust & Estates Department at the time of the accident. Id.

Finally, the letter offered to release Plaintiff's claims in exchange for Defendants' agreement that Plaintiff live rent-free in his current apartment for five years. Id. This would also include free rent of Plaintiff's storage unit, free parking for him and his wife, and additional free electronic access keys to the apartment building and gym. Id. The letter noted that Plaintiff was paying, per month, $2,580 in rent; $265 for parking; and $50 for a storage unit. Id. Thus, the total

4

value of the demand letter was over double the amount in controversy threshold.

After receiving the demand letter, Defendants' counsel requested via email that Plaintiff's counsel agree to cap damages at $75,000; and explained that if Plaintiff did not so agree, Defendants would likely remove to federal court. Id. at Ex. B. In his emailed response on February 5, 2017, Plaintiff's counsel refused to agree, and stated that "[Plaintiff's] medical bills from the surgery . . . will probably exceed $75,000 . . . The amount in controversy is way over $75,000." Id.

B. Complaint

Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County, Pennsylvania when he filed the Complaint on March 15, 2017. ECF No. 1. That same day, he served Defendants. Pl. Mot. 26, ECF No. 3.

The Complaint, which was largely boilerplate, included few of the details contained in the demand letter and other emails sent by Plaintiff's counsel to Defendants pre-suit. See Compl., ECF No. 1; Def. Resp. Ex. A, ECF No. 5. For example, it noted that Plaintiff had sustained a "fractured left patella." Compl. Ex. A ¶ 27. It also alleged that Plaintiff had incurred expenses for, inter alia, "surgery," and that his injury was "permanent." Id. at ¶¶ 21, 27. The other allegations, such as

that Plaintiff had suffered "great physical pain and mental anguish," as well as "humiliation," were generic – in contrast to the detailed descriptions and examples included in the demand letter. Id. at ¶¶ 27, 29; Pl. Mot. Ex. A, ECF No. 3. Finally, the Complaint contained an ad damnum clause for an amount in excess of $50,000. Compl. at 8.

C. Case Management Conference Memorandum

Plaintiff filed a case management conference memorandum on April 4, 2017. Def. Resp. Ex. B, ECF No. 5. In this memorandum, Plaintiff made a formal settlement demand of $350,000. Id. at 3. Defendants contend that this memorandum was the first time that it was apparent that the amount in controversy was over $75,000. Id.

D. Removal

On May 3, 2017, thirty days after the case management memorandum was filed, but forty-nine days after the filing and service of the Complaint, Defendants removed this case on the basis that the parties were diverse and the amount in controversy exceeded $75,000. Def. Resp. 7, ECF No. 5. In turn, Plaintiff filed a motion to remand, arguing that removal was untimely. ECF No. 3.

E.  Hearing

The Court heard oral argument on the Motion to Remand on December 20, 2017. See ECF No. 7. At that hearing, the Court afforded counsel additional time to file supplemental briefs.[2] See ECF Nos. 8, 10. Plaintiff's counsel filed a supplemental brief on January 12, 2018 (albeit three days late), ECF No. 14, but Defendants did not file any supplemental materials or response.[3] Accordingly, the Motion to Remand is now ripe for disposition.

**II. LEGAL STANDARD**

Any civil action brought in state court may be removed to the federal district court in the district where the action

---

[2]  The subject of the supplemental briefing was whether the Supreme Court's decision in Murphy Brothers foreclosed the possibility that pre-suit writings could constitute "other paper" under the removal statute. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (holding that the removal period began to run not when defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail).

After reviewing Plaintiff's supplemental briefing, the Court agrees that the activities at issue in Murphy Brothers occurred after the complaint was filed, and, therefore, Murphy Brothers is not dispositive in this case, where the issue involves pre-suit communications.

[3]  Defendants had leave to file a response to any supplemental briefing by Plaintiff by January 29, 2018. ECF No. 10. In the interest of justice, the Court will overlook Defendants' counsel's failure to advocate for his client on this important issue in the case, and proceeds to address the issue on the merits.

is pending, if the district court would have had original jurisdiction. 28 U.S.C. § 1441. The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). The removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools, Corp., 913 F.2d 108, 111 (3d Cir. 1990).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy is generally decided from the face of the complaint itself. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Id. at 146.

Under the removal statute,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b)(1).

Where it is not apparent from the face of the initial pleading that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable." <u>Id.</u> at § 1446(b)(3) (emphasis added).

**III. DISCUSSION**

The parties do not dispute that they are diverse or that the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. § 1332. Thus, the only issue is whether Defendants' removal, forty-nine days after service and filing of the Complaint, was untimely.[4]

---

[4] Where, as in this case, a complaint fails to allege with specificity damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy creates federal jurisdiction, the removal period is not triggered by service of the complaint. <u>See, e.g.</u>, <u>Bishop v. Sam's E., Inc.</u>, No. 08-4550, 2009 WL 1795316, at *3-4 (E.D. Pa. Jun. 23, 2009) (holding where complaint contains general boilerplate allegations that plaintiff suffered a variety of "ills and injuries" and "psychological and emotional disorders" that have deprived her of "life's pleasures," an <u>ad damnum</u> clause seeking damages "in excess of $50,000" does not place defendant on notice of an amount in controversy in excess of $75,000); <u>Brown v. Modell's PA II, Inc.</u>, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. Jul. 1, 2008) (noting that "plaintiffs' complaint included allegations of apparently serious medical injuries, but it did not include any monetary amount of damages other than damages 'in excess of $50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met"); <u>Admiral Paycheck Servs., Inc. v. Paychex, Inc.</u>, No. 07-0066, 2007 WL 2670287, at *3 (W.D. Pa. Sep. 7, 2007) (holding that complaint which alleged injuries due to loss of

9

A. What is "Other Paper"?

The Third Circuit has not defined "other paper" under § 1446(b). See Bishop v. Sam's E., Inc., No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) (noting absence). Judges in this District, however, have concluded that "other paper" is an "inclusive phrase that covers a wide array of documents." Id. (quoting Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008)); see also CPR Restoration & Cleaning Servs., LLC, v. Fedorowycz, No. 09-0657, 2009 WL 1012467, at *2 (E.D. Pa. Apr. 14, 2009) (noting that the Eastern District of Pennsylvania has interpreted the term "broadly"). The broad interpretation of "other paper" is consistent with the statute's purpose to "commence the running of the thirty day period once the defendant receives actual

---

integrity and reputation, loss of business, and impairment of future earning capacity, but only specified that relief sought was in excess of $25,000 did not put defendant on notice to a legal certainty that $75,000 amount in controversy requirement was met); Marchiori v. Vanguard Car Rental USA, Inc., No. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) (finding that although complaint alleged multiple specific and seemingly serious injuries to plaintiff, where ad damnum clause only sought an amount "in excess of $50,000," the allegations were not sufficient to put defendant on notice that the claimed damages were in excess of the federal threshold for removability); Miranda v. Southland Corp., No. 91-3267, 1991 WL 142648, at *2 (E.D. Pa. Jul. 22, 1991) (holding that where the ad damnum clause sought relief in excess of $20,000 and the complaint was couched in boilerplate language that provided no indication as to the actual cost to plaintiff of medical treatment received, the amount of earnings lost as a result of the injury, the potential costs of future medical treatments, or the amount of projected loss of future earnings, defendant could not have justifiably filed a notice of removal until after receipt of discovery verifying that the amount in controversy exceeded the requisite amount).

notice that the case has become removable, which may be communicated in a formal or informal manner." Broderick v. Dellasandro, 859 F. Supp. 176, 178-80 (E.D. Pa. 1994).

Accordingly, district courts in this Circuit have held that correspondence between parties, <u>made after filing suit</u>, can constitute "other paper." See id. at 180 (holding letter from plaintiffs' attorney to defendants' attorney was "other paper"); Rahwar v. Nootz, 863 F. Supp. 191, 192 (D.N.J. 1994) (same); Hessler v. Armstrong World Indus., Inc., 684 F. Supp. 393, 394 (D. Del. 1988) (same).

B.  Pre-Suit "Other Paper"

While it is true that informal correspondence between counsel, sent after the filing of a complaint, can constitute "other paper," the correspondence in this case was exchanged <u>prior</u> to the suit being filed. Although the Third Circuit has not yet addressed this issue, other circuits have held that a pre-suit communication cannot qualify as "other paper" under § 1446(b)(3). See Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885-86 (9th Cir. 2010); Paros Properties LLC v. Colorado Cas. Ins. Co., 835 F.3d 1264, 1271-72 (10th Cir. 2016).

As explained by the Ninth Circuit, the statute does not contemplate "other paper" exchanged by counsel before a complaint is filed or served:

> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical.

Carvalho, 629 F.3d at 885. See also Chapman, 969 F.2d at 164 ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after [the defendant] receives the initial pleading.").

In support of his position that a communication exchanged pre-suit can qualify as an "other paper," Plaintiff cites to two district court cases, which, according to Plaintiff, "considered pre-Complaint writings in this very context." Pl. Br. at 10, ECF No 14.

The first case, Young, involved a slip and fall at a Wal-Mart store. Young v. Wal-Mart Stores E., LP, No. 14-06692, 2015 WL 1137089, at *1 (E.D. Pa. Mar. 12, 2015). The defendant, Wal-Mart, had answered the amended complaint, and asserted in its answer that the plaintiff's damages did not exceed $75,000. Id. The plaintiff denied that assertion in her reply, and Wal-

12

Mart then removed the case to federal court. Id. The plaintiff moved for remand, arguing that "Wal-Mart was on notice that the amount in controversy exceeded $75,000 from various sources prior to the filing of her [reply]." Id. These "various sources" included pre-suit telephone calls between counsel for the parties; and a pre-suit letter from the plaintiff to Wal-Mart. Id. at *2. The Young court concluded that the telephone calls could not be "other paper" because they were oral, and that the pre-suit letter did not contain sufficient information to make it apparent that the amount in controversy exceeded $75,000. Id. at *2. However, the Young court did not specifically address whether a pre-suit communication could be "other paper" (if it were in writing or actually made the amount in controversy apparent).

The second case, Davis, involved a negligence claim arising from a motor vehicle accident. Davis v. Donnelly, No. 14-6163, 2015 WL 765988, at *1 (E.D. Pa. Feb. 24, 2015). There, the defendants removed more than thirty days after the plaintiff filed her complaint, but only two days after plaintiff refused to cap her damages at $75,000. Id. The plaintiff argued that defendants were aware that the amount in controversy exceeded $75,000 since before the complaint was filed, because of settlement negotiations between plaintiff and defendants' insurance company. Id. at *4-5.

The Davis court first looked to the four corners of the complaint, and concluded that it was not apparent from the face of the complaint that the amount in controversy exceeded $75,000. Id. at *4. After discussing the boilerplate complaint, the court went on to note that "[t]he only concrete numbers produced by [p]laintiff pertaining to damages were contained in a letter from [p]laintiff's counsel to [d]efendants' insurer dated [prior to the suit being filed]." Id. at *5. The court then noted that that letter only listed damages totaling less than half of $75,000, so "[e]ven when viewed in conjunction with the alleged damages asserted in the [c]omplaint, we find that this sum would not place [d]efendants on notice that the amount in controversy requirement has been met." Id. The Davis court, like the Young court, did not address whether it mattered that the letter was sent prior to the suit. See id.[5]

Considering that neither Young nor Davis discussed the distinction between pre-suit and post-suit written communications in the context of "other paper," nor the significance of that distinction, they do not support

---

[5] In contrast to Young and Davis, at least one district court, not cited by Plaintiff, did hold that a pre-suit letter between counsel qualified as an "other paper." See Efford v. Milam, 368 F. Supp. 2d 380, 386 (E.D. Pa. 2005). However, Efford relied on Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993)) which is no longer good law. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005) (holding that under Murphy Brothers, the "initial pleading" is the complaint, and Murphy Brothers implicitly overruled Foster) (citing Murphy Bros., 526 U.S. at 119).

14

Plaintiff's position that a pre-suit letter can qualify as "other paper." Further, as discussed above, Plaintiff's position is at odds with the statutory language, which makes clear that only post-suit writings qualify as "other paper."

Because the relevant communications between counsel in this case were exchanged prior to the filing and service of the Complaint, they do not qualify as "other paper." Therefore, the first time that the grounds for removal were apparent under § 1446(b) was when the case management conference memorandum was filed on April 4, 2017. Thus, the case management conference memorandum is the "other paper" in this case. Because Defendants removed this action on May 3, 2017, removal was within thirty days of the filing of the case management conference memorandum, and therefore removal was timely.

**IV. CONCLUSION**

For the reasons discussed above, the Court will deny Plaintiff's Motion to Remand.

An appropriate order follows.